UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11403-GAO

JOSE M. HOMEN,
Petitioner,

v.

ANDREA J. CABRAL,
Respondent.

OPINION AND ORDER
May 7, 2010

O'TOOLE, D.J.

The petitioner, Jose M. Homen, an alien detained at the Suffolk County House of Correction, seeks a writ of habeas corpus from this Court pursuant to 28 U.S.C. § 2241, contending that he has been detained beyond the six-month presumptively reasonable detention period articulated in Zadvydas v. Davis, 533 U.S. 678 (2001). On October 1, 2009, Homen's custodian, respondent Andrea J. Cabral, moved to dismiss the petition for failure to state a claim upon which relief may be granted. The petitioner has not opposed the motion.

From the pleadings, it appears that the petitioner, a citizen of Azores-Portugal, entered the United States in 1973 as a permanent resident. In December 2005, he was convicted of assault and battery on a police officer in state court. United States Immigration and Customs Enforcement ("ICE") took custody of him on February 7, 2007, and he was ordered removed on May 1, 2007. He alleges in his petition that, although he has cooperated fully with all efforts by ICE to remove him, ICE has failed to execute his removal and it does not appear that removal is likely to occur in the

reasonably foreseeable future. According to the government's motion and related exhibits, however, the petitioner has actively obstructed efforts to effect his removal by refusing to sign his travel documents.

Detention of an alien subject to a final order of removal, such as the petitioner, is governed by 8 U.S.C. § 1231. Under that statute, the Attorney General is required to detain and effect removal of criminal aliens upon the entry of a final order of removal within ninety days. Id. § 1231(a). If an alien has not been removed by the expiration of this ninety-day period, he may be released subject to conditions, id. § 1231(a)(3), or continue to be detained if the Attorney General finds that he is a risk to the community or unlikely to comply with the removal order. Id. § 1231(a)(6). As construed by the Supreme Court in Zadvydas, § 1231(a)(6) authorizes detention only for the period of time reasonably necessary to remove an alien, which is presumptively six months unless deportation is likely to occur in the reasonably foreseeable future beyond that time. 533 U.S. at 696–99, 701. The deadline to effectuate removal, however, is extended when an alien actively obstructs the government's efforts to do so. 8 U.S.C. § 1231(a)(1)(C); see also Lema v. U.S. Immigration & Naturalization Serv., 341 F.3d 853, 856 (9th Cir. 2003) ("We conclude that 8 U.S.C. § 1231(a)(1)(C), interpreted mindful of the concerns underlying Zadvydas . . . , authorizes the . . . continued detention of a removable alien so long as the alien fails to cooperate fully and honestly with officials to obtain travel documents.").

While the petitioner has been detained longer than six months, the government's evidence shows that the petitioner has refused to sign the travel documents necessary to effectuate his removal. Although he claims in his petition that he has cooperated fully

with removal efforts, he has not responded to the government's motion or offered any materials rebutting the government's evidence. Consequently, the record demonstrates that the petitioner has not cooperated with ICE, but rather took steps to thwart removal efforts. If the petitioner were to sign his travel documents, he may be able to be removed in the reasonably foreseeable future. Based on this record, then, the petitioner's detention, at least up until the present time, does not contravene 8 U.S.C. § 1231(a)(6), nor does it infringe the due process considerations contemplated by Zadvydas. Counts I and II are therefore dismissed.

The petitioner also claims in Count III of his petition that he has been denied a timely and meaningful opportunity to demonstrate he should not be detained. Although a document attached to the respondent's motion to dismiss refers briefly to a custody status review, the motion does not address the petitioner's claim, nor is it clear from the record what administrative review processes were provided. Because the current record does not permit a full assessment of potentially relevant factual matters, Count III is not dismissed.

Accordingly, the respondent's motion to dismiss (dkt. no. 5) is GRANTED IN PART and DENIED IN PART.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge